**Leonard GINTER, Plaintiff-Appellant,**

v.

**STATE BAR OF NEVADA et al., Defendants-Appellees.**

No. 77–3530.

United States Court of Appeals, Ninth Circuit.

Submitted March 2, 1980.

Decided April 29, 1980.

As Amended on Denial of Rehearing Aug. 11, 1980.

Leonard Ginter, pro se.

Patrick R. Doyle, Las Vegas, Nev., for defendants-appellees.

Before TRASK and WALLACE, Circuit Judges, and EAST,* District Judge.

PER CURIAM.

Ginter appeals the dismissal of his pro se case against the Nevada State Bar Association and two attorneys.

---

* Honorable William G. East, United States District Judge, District of Oregon, sitting by designation.

As to the bar association, it is obvious that the district judge intended to dismiss the action because he believed no possible amendment could cure the complaint. *Blevins v. Ford*, 572 F.2d 1336, 1338 (9th Cir. 1978); *Lanning v. Serwold*, 474 F.2d 716 (9th Cir. 1973). The district court held such an organization is not a person within the meaning of 42 U.S.C. § 1983, apparently relying on *Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966). *Clark*, however, relies indirectly on the holding in *Monroe v. Pape*, 365 U.S. 167, 187–91, 81 S.Ct. 473, 484–486, 5 L.Ed.2d 492 (1961) (a municipality is not a "person" within the meaning of § 1983), and that part of *Monroe* has been expressly overruled in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–2036, 56 L.Ed.2d 611 (1978).

Nevertheless, Supreme Court case law decided subsequent to *Monell* has made it clear that *Monell* does not alter the rule that § 1983 does not constitute an abrogation of the Eleventh Amendment immunity of the states. *E. g., Quern v. Jordan*, 440 U.S. 332, 338–41, 99 S.Ct. 1139, 1143–1144, 59 L.Ed.2d 358 (1979); *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam). *See Edelman v. Jordan*, 415 U.S. 651, 677, 94 S.Ct. 1347, 1362, 39 L.Ed.2d 662 (1972). This case is thus controlled by *Alabama v. Pugh, supra*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114, in which the Court held "that the State of Alabama could not be joined as a defendant without violating the Eleventh Amendment." *Quern v. Jordan, supra*, 440 U.S. at 339, 99 S.Ct. at 1144. Similarly, the Nevada State Bar Association, as an arm of the state, is not subject to suit under the Eleventh Amendment.

As to the attorneys Smith and Dotson, from the record, it is not clear whether the district court dismissed only the complaint or whether the district court also dismissed the underlying action. A motion was brought to dismiss the action or in the alternative to dismiss the complaint. In its order the district court stated "defendants, J. E. Smith and Edwin J. Dotson, although persons, have not been charged by plaintiff with acting under color of state law." There is no reason appearing in the record why such allegations could not be made, and therefore we assume that the district court was only dismissing the complaint.

Because the dismissal of a complaint is not an appealable order, we dismiss the appeal as to Smith and Dotson. *Clardy v. Levi*, 545 F.2d 1241, 1242 n. 2 (9th Cir. 1976); *Jones v. Pitchess*, 469 F.2d 678 (9th Cir. 1972); *Jackson v. Nelson*, 405 F.2d 872 (9th Cir. 1968).

AFFIRMED AS TO NEVADA STATE BAR ASSOCIATION; APPEAL DISMISSED AS TO SMITH AND DOTSON.