Oliver E. MATTAS, Jr., Plaintiff,

v.

**SUPREME COURT OF PENNSYLVANIA and the Disciplinary Board of the Supreme Court of Pennsylvania and the Office of Disciplinary Counsel of the Disciplinary Board of the Supreme Court of Pennsylvania, Defendants.**

Civ. A. No. 83–2791.

United States District Court,
W.D. Pennsylvania.

Dec. 15, 1983.

Oliver E. Mattas, Jr., Altoona, Pa., Ellen L. Cohen, Hollidaysburg, Pa., Phillip Johns, Altoona, Pa., for plaintiff.

Charles W. Johns, Philadelphia, Pa., for defendants.

## OPINION

COHILL, District Judge.

### I. *Factual Background*

The plaintiff, Oliver E. Mattas, Jr., is an attorney licensed by the Commonwealth of Pennsylvania. He has a private practice, and was recently elected (unopposed) to his second term as District Attorney of Blair County, Pennsylvania.

In November, 1982, Mr. Mattas was served with a Petition for Discipline filed by the Office of Disciplinary Counsel, in which he was charged with violating seven Disciplinary Rules of the Pennsylvania Code of Professional Conduct. *See* Pennsylvania Rules of Disciplinary Enforcement (Pa.R.D.E.) (1983).

On February 22, 1983, a hearing on the charges was held before a three-lawyer Hearing Committee pursuant to Pa.R.D.E. 206(b)(1). At the hearing, Mr. Mattas was represented by counsel and afforded the opportunity to present testimony and cross-examine witnesses. *See* Pa.R.D.E. 208. Prior to the commencement of the hearing he was advised that the Committee's findings and recommendation of discipline would not be binding on the Disciplinary Board of the Supreme Court or the Pennsylvania Supreme Court, and that both the Board and the Supreme Court make *de novo* reviews of the evidence.

Under the rules, after the hearing is concluded, the Hearing Committee makes a recommendation to the Disciplinary Board. Then, "The Board shall either affirm or change ... the recommendation of the hearing committee ..." Pa.R.D.E. 208(d)(2). If the Disciplinary Board decides to dismiss, informally admonish or privately reprimand, arrangements are made with the respondent-attorney to appear before the Board or before Disciplinary Counsel. Pa.R.D.E. 208(d)(2)(ii). If the Board determines that the matter should be concluded by probation, public censure, suspension or disbarment, the Board submits the entire record to the Chief Justice of the Pennsyl-

vania Supreme Court. Pa.R.D.E. 208(d)(2)(iii).

The Supreme Court may then accept the recommendation of the Board or change the discipline. Pa.R.D.E. 208(e). Thus the Hearing Committee may recommend some very light discipline such as a private admonishment or reprimand (as it did here); the Board may recommend more drastic punishment (here it recommended public censure), and the Supreme Court may impose a suspension of up to five years or the ultimate punishment for a lawyer-disbarment (here it ordered a two-year suspension).

In this case, the Hearing Committee filed a report finding that Mr. Mattas had violated Disciplinary Rule 5–105(B) of the Professional Code of Responsibility,[1] and, as previously noted, recommended some form of private discipline.[2] The report was then sent to the Disciplinary Board for action.

Pursuant to Disciplinary Board Rule § 89.201(c), the Disciplinary Counsel filed a brief with the Disciplinary Board, taking exception to the Hearing Committee's finding of only one Disciplinary Rule violation and its recommended discipline. Mr. Mattas filed a brief in opposition. No additional testimony was taken, and there were no arguments made to the Disciplinary Board.

On September 26, 1983, the Disciplinary Board filed its recommendation, finding that the plaintiff had violated Disciplinary Rule 7–103(A)[3] as well as Rule 5–105(B) (previously noted) and recommended public censure.

The entire record, including the various reports and briefs, was then sent to the Pennsylvania Supreme Court for consideration. No oral arguments or hearings were held and additional briefs were not requested. The only time the attorney has an absolute right to argue his case to the Supreme Court is where the Supreme Court has voted to disbar. Pa.R.D.E. 208(e)(3).

On October 6, 1983, upon consideration of the record and the Board recommendation, the Pennsylvania Supreme Court ordered that Mr. Mattas be suspended from the practice of law for two years for the violation of Disciplinary Rules 5–105(B) and 7–103(A) of the Code of Professional Responsibility. Justice Larson voted for disbarment. The suspension was to take effect 30 days after the entry of the order. *See* Pa.R.D.E. 217(c). No reasons were given, and no opinion accompanied the order.

The plaintiff subsequently filed a Motion for Reargument and Reconsideration which was summarily denied by the Pennsylvania Supreme Court on October 27, 1983. The plaintiff did not petition the United States Supreme Court for a Writ of Certiorari but rather filed the instant lawsuit based on the Civil Rights Act of 1870, 42 U.S.C. § 1983.

## II. *Procedural Background*

On November 4, 1983, one day before the suspension was to take effect, Mr. Mattas filed a complaint with this Court alleging violations of the Civil Rights Act of 1870, 42 U.S.C. § 1983 and requesting injunctive relief against the implementation of the suspension. In his eight-count complaint, the plaintiff alleged, *inter alia*, that the disciplinary procedural rules promulgated by the Pennsylvania Supreme Court violated his constitutional rights to due process and equal protection since he was not given

---

**1.** Disciplinary Rule 5–105(B) provides:

A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, or if it would be likely to involve him in representing differing interests ...

**2.** The types of discipline, in order of severity, are, 1) disbarment, 2) suspension up to five years, 3) public censure, 4) probation, 5) private reprimand, and 6) private admonition. Pa.R.D.E. 204.

**3.** Disciplinary Rule 7–103(A) states:

A public prosecutor or other government lawyer shall not institute or cause to be instituted criminal charges when he knows or it is obvious that the charges are not supported by probable cause.

a full hearing before a neutral decision-making body prior to the suspension order.

The plaintiff personally presented the complaint to us on November 4, and we were informed by him that the defendants had not been notified of the suit or served with the complaint. We, therefore, contacted Edward A. Burkhardt, Esq., counsel for the Pittsburgh office of the Disciplinary Board, who appeared before us to receive a copy of the complaint. Through a Pittsburgh-Philadelphia telephone conference, attended by Messrs. Mattas, Burkhardt and the Court in Pittsburgh, we informed Charles Johns, Esq. in Philadelphia, counsel for the Pennsylvania Supreme Court, of the complaint. After hearing the positions of all parties, we granted a Temporary Restraining Order ("TRO") pursuant to Fed.R.Civ.P. 65(b), until November 7, 1983, the date set for the hearing on the preliminary injunction.

At the preliminary injunction hearing, Mr. Johns, acting as counsel for all of the defendants, advised us that he had just filed a Motion to Dismiss which asserted that: 1) this Court lacked subject matter jurisdiction; 2) the suit was prohibited by the 11th Amendment; 3) the doctrine of res judicata was applicable; and 4) the plaintiff had failed to state a claim for which relief could be granted. We agreed with the defendants that the 11th Amendment bars suits against a state or any branch of the state and held that Mr. Mattas' complaint, which named the Pennsylvania Supreme Court, the Pennsylvania Disciplinary Board and the Pennsylvania Office of Disciplinary Counsel, as entities, not the individuals comprising them, was therefore invalid. Rather than dismissing the complaint, we granted the plaintiff leave to amend so as to name the individuals. We deferred ruling on the defendants' other arguments for dismissal.

After hearing testimony and arguments, we granted a preliminary injunction pursuant to Fed.R.Civ.P. 65 on the grounds that serious questions existed with respect to the constitutionality of the Pennsylvania Disciplinary Rules. We stated, however, that the granting of the injunction did not in any way obviate the defendants' motion to dismiss.

On December 1, 1983, a hearing on the permanent injunction was held, at which time testimony was introduced by the defendants, and arguments were made by both parties. We ordered that the preliminary injunction would remain in effect until this opinion was filed.

After careful review of all of the testimony, we hold that while the Pennsylvania disciplinary procedure has inherent weaknesses, and may not meet all constitutional guarantees, we must grant the defendants' motion to dismiss on the basis of lack of jurisdiction and res judicata. Thus, we are precluded from deciding the merits of the plaintiff's constitutional claims.

### III. *Legal Discussion*

#### A. *Standard of Review*

For purposes of a motion to dismiss, the pleadings are to be liberally construed in the light most favorable to the nonmoving party. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969). *See also Hochman v. Board of Education of Newark*, 534 F.2d 1094 (3d Cir.1976).

Adhering to this general principle, we now turn to Mr. Mattas' complaint and the defendants' arguments for dismissal.

#### B. *11th Amendment*

At the outset, we note that the plaintiff filed an amended complaint on December 1, 1983 in which he continued to name the Pennsylvania Supreme Court and the Office of Disciplinary Counsel of the Pennsylvania Supreme Court as entities, and the Disciplinary Board of the Pennsylvania Supreme Court, naming the individuals who comprise that Board. This amended complaint still does not comport with the 11th Amendment of the United States Constitution since the individual members of the Supreme Court and the Office of Disciplinary Counsel are not named.

■ The 11th Amendment prohibits a suit against a state. The Pennsylvania Supreme Court, as an entity, and the Office of Disciplinary Counsel, as an entity, are arms of the state and therefore cannot be sued. *Ginter v. State Bar of Nevada*, 625 F.2d 829 (9th Cir.1980). In addition, state entities are not "persons" within the meaning of 42 U.S.C. § 1983, and therefore, cannot be sued under the Civil Rights Act. *Id.* Thus, this suit may technically proceed only against the named individuals of the Disciplinary Board. *See Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978).

Though the case against the Pennsylvania Supreme Court and Office of Disciplinary Counsel should, perhaps, be dismissed because of the 11th Amendment, it nevertheless raises important issues which we will discuss.

### C. *Standing*

In Counts II, IV, and V of the plaintiff's complaint, he alleges that, if he is suspended, his private clients will be deprived of their choice of legal representation, and the people of Blair County will be deprived of their elected District Attorney. These counts will be dismissed for lack of standing.

■ A dismissal for want of standing turns on the question of "whether the litigant is entitled to have the court decide the merits of the case before it." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). The plaintiff must show that he himself is exposed to some injury from the wrongs alleged. *Frissell v. Rizzo*, 597 F.2d 840, 843 (3d Cir.1979). Even if a plaintiff is able to prove some particularized, individual injury, he may only assert his own legal rights as a basis for decision, not the rights of some third party not before the court. *Id.* at 844. *See also United States v. Raines*, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960).

■ We hold that the injuries alleged in Counts II, IV and V are those of private clients and the residents of Blair County, not the plaintiff, thus, they must be dismissed for lack of standing.

### D. *Subject Matter Jurisdiction*

In the remaining counts, plaintiff alleges that his due process and equal protection rights were violated. A lack of due process is alleged on the grounds that plaintiff was deprived of his property (his license to practice law) without a hearing before the Disciplinary Board or the Pennsylvania Supreme Court (Count I) and because the suspension will result in his removal as District Attorney (Count III). He asserts a deprivation of equal protection because he was not given a full and fair hearing before a neutral board (Count VI) and because the Disciplinary Rules do not provide for a uniform standard of punishment for violators (Count VIII).

In their motion to dismiss, the defendants argue that we lack subject matter jurisdiction over these claims because the plaintiff is seeking a review of the order of suspension handed down by the Supreme Court of Pennsylvania, an order which a Federal District Court has no authority to review since it is a final state-court judgment and since a Federal District Court may not sit in judgment of a state court's disciplinary decision.

■ It is well settled that a state court has exclusive power to promulgate regulations and impose discipline in the supervision of its licensed attorneys. *In re Ruffalo*, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968); *Staud v. Stewart*, 366 F.Supp. 1398 (E.D.Pa.1973). This power may not, however, be exercised in derogation of federally protected rights. *N.A.A.C.P. v. Button*, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); *In re Ming*, 469 F.2d 1352 (7th Cir.1972). Even a lawyer has the right to "enjoy first-class citizenship." *Id.* at 1354 citing *Spevack v. Klein*, 385 U.S. 511, 516, 87 S.Ct. 625, 628, 17 L.Ed.2d 574 (1967). Since courts have thus recognized lawyers' constitutional rights relative to their license to practice law, many frustrated attorneys, who believe that they have been

unjustly treated by the state courts' disciplinary procedures, have turned to the federal courts for relief, either under the federal Civil Rights Act or the United States Constitution. This has placed the federal courts in an unenviable position since they have been forced to balance an individual's federally protected rights against the doctrine of comity and the independence of state courts. For years, district courts struggled with this dichotomy, uncertain as to when they had jurisdiction and when they did not.

In 1976, for the first time in the federal court system, the Tenth Circuit stated when a Federal District Court has jurisdiction over claims arising out of state bar proceedings. In *Doe v. Pringle*, 550 F.2d 596 (10th Cir.1976), the court recognized a "subtle but fundamental distinction between two types of claims" brought against a state disciplinary board. *Id.* at 597. The court distinguished between constitutional claims which challenge the rule-making authority of the state disciplinary board or the administration of those rules, and claims which seek review of a state court's decision as to a particular case.

This distinction is subtle, and the courts have found the concept difficult to implement. *See Brunwasser v. Strassburger*, 490 F.Supp. 959 (W.D.Pa.1980). As a result, courts varied in their interpretation and application of the *Doe v. Pringle* doctrine, and some courts abandoned it totally.

The United States Supreme Court has now, however, made a definitive statement as to the jurisdiction of a federal court over such claims. In *District of Columbia Court of Appeals v. Feldman*, — U.S. ——, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Supreme Court stated:

> United States District Courts, ..., have subject matter jurisdiction over general challenges to state bar rule, ..., which do not require review of a final state court judgment in a particular case. They do not have jurisdiction, however, over challenges to state court decisions in a particular case rising out of judicial proceedings even if those challenges al-

lege that the state court's action was unconstitutional. Review of those cases may be had only in [the United States Supreme Court]. 28 U.S.C. § 1257.

*Id.*, at ——, 103 S.Ct. at 1317, 75 L.Ed.2d at 225.

In *Feldman*, the petitioners' applications to sit for the D.C. bar were denied because they had not completed the requisite course of study from an accredited law school, as required by the bar admission rules. The petitioners sought relief in the Federal District Court, but the court dismissed the complaints for lack of subject matter jurisdiction.

On appeal to the United States Supreme Court, the Court specifically considered the complaints to see what claims, if any, were within the district court's jurisdiction.

In the complaints, the petitioners first alleged that the decisions to deny their applications were arbitrary and capricious and that they had been discriminated against. The Supreme Court held that these claims were directly related to the petitioners' own situations and that the petitioners were seeking review of the court's decisions in their own particular cases. Thus, under *Doe v. Pringle*, these claims were properly dismissed for lack of jurisdiction.

The remaining counts in the complaints involved a general attack on the bar admission rules. The petitioners claimed the rules were unconstitutional because they created an irrebuttable presumption, *inter alia*, that only accredited law school students are fit to practice law. The *Feldman* Court held that there was federal jurisdiction to hear these claims since they did not require review of a judicial decision in any particular case. They were merely general constitutional attacks on the rules, as those rules apply to everyone.

■ The *Feldman* decision is analogous to the case at bar. Like the petitioners in *Feldman*, Mr. Mattas has raised general constitutional claims over which we have jurisdiction and also specific, particularized

claims which we must dismiss for want of jurisdiction.

In Count III, Mr. Mattas asserts that the Pennsylvania Supreme Court's order will strip him of his position as District Attorney, in a way contrary to state law. In Count VIII, he alleges that the rules do not provide for a uniform standard of discipline as evidenced by the fact that some people have violated the Code of Professional Conduct in ways much worse than he, yet did not receive as stiff a penalty. These counts ask us to consider specifically the two-year suspension order as it applies to Mr. Mattas. He argues that he is not asking us to modify or reverse the actual punishment imposed because it is harsh, but rather he is seeking a review of the suspension in terms of *how* it will harm him. Although couched in constitutional terms, it is the same rose with another name. This will not suffice to move these claims across the fine line from the specific to the general. Since these claims relate specifically to Mr. Mattas' personal situation and his two-year suspension, we will dismiss them for lack of subject matter jurisdiction.

■ The remaining counts ask us to consider the constitutionality of the disciplinary rules, because they do not provide for hearings before the Disciplinary Board or the Pennsylvania Supreme Court, and do not provide for a neutral decision-making body. Though these claims related indirectly to Mr. Mattas' particular case, he states that he is not seeking direct review of the two-year suspension order and the rules as they affect him. We note that he must have some interest in the rules or we would have to dismiss for lack of standing, yet under the *Doe v. Pringle* doctrine, he cannot have such an individual interest as to put us in the position of reviewing the state court decision. We believe that the allegations regarding the hearings and the make-up of the boards are sufficiently general to permit this Court to review the specific order of suspension. Any decision we would make on the merits of these constitutional attacks would apply to any

Pennsylvania lawyer facing disciplinary procedure. We, therefore, hold that we have jurisdiction to consider the claims set forth in Counts I and VI.

### E. *Res Judicata*

Though this Court has jurisdiction to decide Counts I and VI, they must be dismissed on the basis of res judicata.

■ The doctrine of res judicata was enunciated by the United States Supreme Court in *Cromwell v. County of Sac*, 94 U.S. 351, 24 L.Ed. 195 (1878). It provides that a final judgment on the merits of an action precludes the same parties from relitigating issues that were or could have been raised in that action. *Id.* 94 U.S. at 352. *See also, Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Caterpillar Tractor Company v. International Harvestor Company*, 120 F.2d 82 (3d Cir.1941). Restatement (Second) of Judgments § 74 defines it as "claim preclusion." Before a claim may be dismissed pursuant to res judicata, it must be shown that the parties had a "full and fair opportunity" to litigate the claims in the earlier case. *Montana v. U.S.*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).

■ The doctrine of res judicata and collateral estoppel are frequently interchanged, though each doctrine embodies different ideas. Collateral estoppel provides that once an issue has been decided it may not be relitigated in a different suit. *Montana v. U.S.*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). It has been coined as "issue preclusion."

■ Since we are here considering entire claims regarding the constitutionality of the disciplinary rules, we believe that the doctrine of res judicata applies. No matter what doctrine we choose, the result would be the same.

In the case at bar, the defendants contend that the plaintiff raised these same constitutional claims in his Motion for Reargument and Reconsideration filed with the Pennsylvania Supreme Court, and that the court's order denying the motion was a

prior adjudication on the merits. We agree.

In his Motion for Reargument, Mr. Mattas raised the due process issue regarding lack of hearings and the equal protection issue of failing to have a neutral decision-maker. These claims, along with the other numerous claims on his motion, were decided by the Pennsylvania Supreme Court when it denied his motion.

In *Korup v. Flaherty*, 524 F.Supp. 1160 (E.D.Pa.1981), a similar situation existed. The plaintiff in that case was denied the opportunity to sit for the Pennsylvania Bar Examination because he had studied law abroad. He petitioned the state supreme court for review of the law examiners' determination which was denied without an opinion. Instead of petitioning the United States Supreme Court for certiorari, he sought review in the Federal District Court claiming due process and equal protection violations.

The district court dismissed the claims on the basis of res judicata, reasoning that since the Pennsylvania Supreme Court had denied plaintiff's petition for review, the court must have considered and rejected the constitutional claims. As a result, they were held to have been previously decided by a court of competent jurisdiction and could not be relitigated.

The facts of the case at bar fall squarely into the *Korup* decision. Mr. Mattas' constitutional claims were presented to and summarily dismissed by the Pennsylvania Supreme Court. Though we believe that valid constitutional questions have been raised and should be considered, the summary denial by the Pennsylvania Supreme Court unfortunately precludes us from doing so.

### Conclusion

When one considers the fact that the discipline imposed on Mr. Mattas virtually leaped up the scale of severity from the private admonition recommended by the Hearing Committee to the public reprimand recommended by the Disciplinary Board to the two-year suspension imposed by the Supreme Court—a penalty almost tantamount to disbarment—one would suppose that fundamental fairness would require that the disciplined attorney be given the opportunity to argue his case to the Supreme Court, but such is not the case in Pennsylvania, and we do not believe, for the reasons stated, that this Court may legally mandate such a change in the rules.

An appropriate order will be entered.

### ORDER

AND NOW, to-wit, this 15th day of December, 1983, in accordance with the foregoing Opinion, it is hereby ORDERED, ADJUDGED and DECREED that defendants' Motion to Dismiss be and hereby is GRANTED and that judgment be and hereby is entered in favor of the defendants and against the plaintiff.

It is further ORDERED, ADJUDGED and DECREED that the preliminary injunction previously entered by this Court, be and hereby is VACATED.