Gabe **KAIMOWITZ**, Plaintiff,

v.

**THE FLORIDA BAR, etc.,
et al., Defendants.**

No. 88–835 CIV–ORL–18(D).

United States District Court,
M.D. Florida,
Orlando Division.

Jan. 13, 1992.

**620**

Gabe H. Kaimowitz, Law Office of Gabe Kaimowitz, pro se.

Joanne Reed Day, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Jacksonville, FL, Wayne L. Thomas, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, PA, Tampa, FL, Barry Scott Richard, Greenberg, Traurig, Tallahassee, FL, Lawrence Glenn Mathews, Jr., Mathews, Smith & Railey, Orlando, FL, for The Florida Bar.

George Lee Waas, Atty. Gen.'s Office, Dept. of Legal Affairs, Tallahassee, FL, for Florida Supreme Court.

### *ORDER*

HODGES, District Judge.

This is an action, pursuant to 42 U.S.C. §§ 1981 and 1983, by a member of the Florida Bar who alleges that his compulsory membership in that organization violates his rights to freedom of speech and association under the First and Fourteenth Amendments. Plaintiff seeks to disassociate himself from the Florida Bar yet retain his license to practice law in Florida. He also objects to the requirement that he pay annual dues to the Florida Bar, some of which are allegedly used to finance political lobbying by the Bar.

■ This action was brought in the Orlando Division in September, 1988. Upon motion of the Plaintiff, however, both resident District Judges in that Division recused themselves. (Docs. # 2 & 5). The case was then transferred to the undersigned, as Chief Judge at that time. Plaintiff's subsequent motion to recuse all Judges who are members of the Florida Bar was denied. (Doc. # 8). By Order entered March 20, 1989, Plaintiff's motion for a preliminary injunction was denied. (Doc. # 25). Plaintiff appealed that interlocutory order, and the order was affirmed by the Court of Appeals by mandate issued February 21, 1990. (Doc. # 34). The Defendants have moved for summary judgment while the Plaintiff has moved for partial summary judgment, for the setting of a scheduling conference, and to stay his annual bar dues payment.[1] Those motions are now before the Court and are ripe for decision.

Since the filing of Defendants' motion, two decisions have been handed down by the United States Supreme Court and the Eleventh Circuit Court of Appeals which squarely address most of Plaintiff's claims. In *Keller v. State Bar of California*, the Supreme Court examined the constitutionality of the California bar's practice of using bar member's dues to finance political activities. 496 U.S. 1, 110 S.Ct. 2228, 110 L.Ed.2d 1 (1990). The Court held that to the extent that an integrated bar[2] and its members and officers operate "essentially as professional advisors to those ultimately charged with regulating the legal profession" (in this case, the Supreme Court of Florida), compelled association and payment of dues is permissible. *Id.*, 496 U.S. at 15–17, 110 S.Ct. at 2237. However, "compulsory dues may not be expended to endorse or advance" a political objective. *Id.* In order to comply with this decision, the Court extended to state bars the procedures it had previously required of labor unions in the collection of dues:

"[A]ccording to *Teachers v. Hudson*, 475 U.S. 292, 106 S.Ct. 1066, 89 L.Ed.2d 232 (1986), the constitutional requirements for

---

1. Plaintiff has also moved for reconsideration of an order entered by Judge Sharp after he had recused himself from the case. That order stated that the Court would take the motion for summary judgment under advisement on February 27, 1990 and that the parties may file supporting affidavits or other evidence until that date. Plaintiff's motion simply objects to the entry of the order by Judge Sharp after he had recused himself. The motion does not assert that Plaintiff has been prejudiced in any way by the content of the order. Plaintiff's motion is due to be denied.

2. An "integrated bar" refers to "an association of attorneys in which membership and dues are required as a condition of practicing law in the State." *Keller*, 496 U.S. at 5, 110 S.Ct. at 2231. The Florida Bar is an integrated bar. *Rules Regulating the Florida Bar*, §§ 1–3.1, 1–3.2.

the association's ... collection of fees include an adequate explanation of the basis for the fee, a reasonably prompt opportunity to challenge the amount of the fee before an impartial decisionmaker, and an escrow for the amounts reasonably in dispute while such challenges are pending." *Id.* The California bar had no such system in place at the time the case was decided.

In *Gibson v. The Florida Bar,* the Eleventh Circuit applied *Keller* to the procedures adopted by the Florida Bar for resolving challenges to the payment of dues by its members. 906 F.2d 624 (11th Cir.1990), *cert. denied,* ——— U.S. ———, 112 S.Ct. 633, 116 L.Ed.2d 432 (1991). Chief Judge Tjoflat, writing for the majority of the panel, carefully examined the Florida Bar's procedures and found that they satisfy the requirements of the Constitution and applicable case law.[3]

*Gibson* therefore controls Plaintiff's claim regarding payment of bar dues, and Defendants' motions for summary judgment are due to be granted on that claim.

■ Plaintiff also asserts in the complaint that his compelled association with the Florida Bar violates his First Amendment right to freedom of association. Both *Keller* and *Gibson* dealt only with compulsory payment of bar dues, not with the constitutionality of compulsory membership in and of itself. That issue was decided by the Supreme Court in 1961, in a decision on which the *Keller* Court relied heavily. *Lathrop v. Donohue,* 367 U.S. 820, 81 S.Ct. 1826, 6 L.Ed.2d 1191 (1961). Justice Harlan, concurring in the judgment, stated:

> The [*Railway Emp. Dept. v.*] *Hanson* case, 351 U.S. 225, 76 S.Ct. 714, 100 L.Ed. 1112 [ (1956) ], decided by a unanimous Court, surely lays at rest all doubt that a State may Constitutionally condition the right to practice law upon membership in an integrated bar association, a condition fully as justified by state needs as the union shop is by federal needs.

*Lathrop,* 367 U.S. at 849, 81 S.Ct. at 1841. The *Lathrop* decision controls Plaintiff's

claim regarding compulsory bar membership, and the Defendants' motion is due to be granted on that claim as well.

■ Plaintiff's only remaining claim seeks damages from the Defendant Florida Bar, pursuant to 42 U.S.C. § 1981, for actions allegedly taken by the Bar to support "the exploitation and resegregation of blacks" and its alleged interference with Plaintiff's "opportunity to seek employment with or for agencies and individuals normally serving blacks." Defendants' motion asserts that the Eleventh Amendment bars the Plaintiff from recovering damages against the Florida Bar. Plaintiff's response addresses this claim with a single paragraph of conclusory statements, without any citation to legal authority.

"The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state. The amendment applies even when a state is not named as a party of record, if for all practical purposes the action is against the state. Thus, the Eleventh Amendment extends to state agencies and other arms of the state." *Schopler v. Bliss,* 903 F.2d 1373, 1378 (11th Cir.1990) (citations omitted). The Eleventh Amendment prohibits actions against state courts and state bars. *See, Ginter v. State Bar of Nevada,* 625 F.2d 829 (9th Cir.1980); *Browne v. N.Y.S. Court System,* 599 F.Supp. 36 (E.D.N.Y.1984); *Mattas v. Supreme Court of Pennsylvania,* 576 F.Supp. 1178 (W.D.Pa. 1983). Plaintiff's only response to the Defendants' argument is his unsupported assertion that the Florida Bar is not a state agency for Eleventh Amendment purposes. Plaintiff's assertion is contradicted by the preamble of the Rules Regulating the Florida Bar, whereby the Supreme Court of Florida established the bar as "an official arm of the Court." *Rules Regulating the Florida Bar,* 494 So.2d 977, 979 (Fla.1986). This Court therefore lacks subject matter jurisdiction to adjudicate Plaintiff's claim for damages.

Accordingly, upon due consideration, it is ORDERED that:

---

**3.** The only exception was the bar's formula for the calculation of interest on refund payments, which the Court found unacceptable. Because

Plaintiff does not challenge the bar's calculation of interest, that portion of the decision is irrelevant to this case.

(1) Defendants' motions for summary judgment (Docs. # 27 & 28) are GRANTED, and the Clerk is directed to enter judgment against the Plaintiff and in favor of the Defendants on all claims.

(2) Plaintiff's motion for reconsideration (Doc. # 31) is DENIED.

(3) Plaintiff's motion for scheduling conference (Doc. # 36) is DENIED as MOOT.

(4) Plaintiff's motion for partial summary judgment (Doc. # 37) is DENIED.

(5) Plaintiff's emergency motion for stay of bar dues payment (Doc. # 44) is DENIED.

IT IS SO ORDERED.

DONE and ORDERED.