24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Monte LEE, Plaintiff-Appellant,
v.
STATE BAR OF CALIFORNIA, Defendant-Appellee.
 No. 93-55578.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 21, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Monte Lee appeals pro se the district court's dismissal for lack of subject matter jurisdiction of Lee's 42 U.S.C. Sec. 1983 action for damages against the State Bar of California. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The Eleventh Amendment generally bars the federal courts from entertaining suits brought by a private party against a state whether the relief sought is legal or equitable in nature. Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir.1991) cert. denied, 112 S.Ct. 1478 (1992). Accordingly, the State Bar "as an arm of the state, is not subject to suit under the Eleventh Amendment." Ginter v. State Bar of Nevada, 625 F.2d 829, 830 (9th Cir.1980).
 
 
 4
 In his complaint, Lee appears to object to a Los Angeles Times advertisement that addressed the issue of independence in the court system. Additionally, Lee appears to claim an injury in relation to litigation involving certain motion picture rights. It is unclear what role the State Bar plays in his action. Nevertheless, because Lee's claims against the State Bar are barred by the Eleventh Amendment, the district court properly dismissed his complaint for lack of subject matter jurisdiction. See Ginter, 625 F.2d at 830.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3