**LAW OFFICES OF CHRISTOPHER S. LUCAS AND ASSOCIATES, Plaintiff**

v.

**DISCIPLINARY BOARD OF THE SUPREME COURT OF PENNSYLVANIA, Defendant.**

**No. 1:04–CV–0090.**

United States District Court, M.D. Pennsylvania.

June 9, 2004.

Christopher S. Lucas, Christopher S. Lucas & Associates, Mechanicsburg, PA, for Plaintiff.

David M. Donaldson, Philadelphia, PA, for Defendant.

## ORDER

JONES, District Judge.

Before the Court is the motion to dismiss ("the Motion") filed by the defendant, the Disciplinary Board of the Supreme Court of Pennsylvania ("Defendant" or "the Disciplinary Board"). For the rea-

sons that follow, the Motion will be granted.

### PROCEDURAL HISTORY:

The plaintiff, Christopher S. Lucas ("Plaintiff"),[1] initiated this action by filing a declaratory judgment complaint in the United States District Court for the Middle District of Pennsylvania on January 14, 2004. An amended complaint was filed on February 25, 2004. (See Rec. Doc. 6). The case was initially assigned to District Judge Yvette Kane, but was transferred to the undersigned by order dated February 26, 2004. (See Rec. Doc. 8).

The Disciplinary Board filed the Motion on April 16, 2004, pursuant to Fed.R.Civ.P. 12(b)(1) and (6). The Motion has been briefed and is now ripe for disposition.

### STANDARD OF REVIEW:

In considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir.1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir.1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument pursuant to Fed. R.Civ.P. 12(b)(6), a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); see also

---

1. The caption of this lawsuit indicates that the Law Offices of Christopher S. Lucas and Associates is the plaintiff in this matter. However, the allegations within the Amended Complaint, as they pertain to actions taken by the plaintiff, are phrased so as to indicate individual rather than entity action. Therefore, when we refer to the plaintiff herein, we shall reference Christopher S. Lucas, the individual.

*District Council 47 v. Bradley,* 795 F.2d 310 (3d Cir.1986).

▮▮▮ "A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs. Inc. v. United States,* 220 F.3d 169, 176(3d Cir.2000)(*citing Mortensen v. First Fed. Sav. and Loan Ass'n,* 549 F.2d 884, 891(3d Cir. 1977)). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* (*citing Mortensen,* 549 F.2d at 891; *PBGC v. White,* 998 F.2d 1192, 1196(3d Cir.1993)). In reviewing a factual attack, the court may consider evidence outside the pleadings and "no presumptive truthfulness attaches to plaintiff's allegations." *Mortensen,* 549 F.2d at 891. The plaintiff carries the burden of persuading the court that it has jurisdiction. *See Gould,* 220 F.3d at 178.

The court will now discuss Defendant's motion in light of Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.

### FACTUAL ALLEGATIONS:

On August 1, 2003, Plaintiff filed a complaint with the Disciplinary Board of the Supreme Court of Pennsylvania ("the Disciplinary Board") alleging that an attorney ("Attorney X") submitted false testimony in federal and state court lawsuits. (*See* Am. Compl. at ¶¶ 7–8). The Disciplinary Board is an agency under the supervision of the Pennsylvania Supreme Court which, along with all other courts in Pennsylvania, is a part of the "unified judicial system." Pa. Const. Art. V., § 1. The Disciplinary Board and its members are appointed by the Supreme Court of Pennsylvania and their function is to *inter alia* investigate violations of the Rules of Disciplinary Enforcement. *See* R.D.E. 205(a) and (c)(1). The Supreme Court of Pennsylvania pro-

mulgated the Rules of Disciplinary Enforcement in furtherance of its "inherent and exclusive power to supervise the conduct of attorneys who are its officers . . ." (R.D.E. 103).

The disciplinary complaint submitted by Plaintiff was filed after and in response to a complaint filed with the Disciplinary Board by Attorney X in reference to certain actions taken by Plaintiff. (*See* Am. Compl. at ¶¶ 36, 40). Plaintiff wished to disclose the existence and substance of his complaint against Attorney X to a newspaper reporter. (*See* Am. Compl. at ¶ 17). However, Plaintiff alleges that to do so would be in violation of Pennsylvania Rules of Disciplinary Enforcement 209 and 402, which provide respectively and in relevant part, that complaints "submitted to the Board or Disciplinary Counsel shall be confidential[,]" and that "[a]ll proceedings involving allegations of misconduct by or disability of an attorney shall be kept confidential . . ."

After being advised that the Disciplinary Board "preferred" that Plaintiff withdraw his complaint, Plaintiff withdrew his complaint and initiated the instant action. (*See* Am. Compl. at ¶¶ 41, 43–44). Plaintiff now seeks a declaratory judgment specifying whether public disclosure of the existence and substance of the disciplinary complaint would be protected from the application of R.D.E. 209 and 402 and whether such disclosures are protected by the First Amendment of the United States Constitution. (*See* Am. Compl. at WHEREFORE clauses of Counts One and Two). Plaintiff states that "he does not seek a declaration that R.D.E. 209 and 402 are facially unconstitutional, but seeks a limited declaration as to the application of the Rules to the facts presented" in the Amended Complaint. (Am. Compl. ¶ 49).

## DISCUSSION:

### A. Eleventh Amendment Immunity

 The Disciplinary Board argues that the Eleventh Amendment is a bar to Plaintiff's suit.

 The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. This "amendment has been interpreted to make states generally immune from suit by private parties in federal court ... [and] extends to state agencies and departments." *MCI Telecomm. Corp. v. Bell Atlantic–Pennsylvania*, 271 F.3d 491, 503(3d Cir.2001) (citations omitted). Three exceptions to Eleventh Amendment immunity exist: "1) congressional abrogation, 2) state waiver, and 3) suits against individual state officers for prospective relief to end an ongoing violation of federal law." *Id.* The third exception refers to the doctrine of *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714(1908). Under this doctrine, "individual state officers can be sued in their individual capacities for prospective injunctive and declaratory relief to end continuing or ongoing violations of federal law." *MCI Telecomm.*, 271 F.3d at 506. Violations of the United States Constitution and federal statutes can be challenged under the doctrine.[2] *See id.*

Plaintiff maintains that this lawsuit is permissible pursuant to the doctrine of *Ex Parte Young*. We, however, conclude that this argument is without merit because the doctrine is inapplicable in a case like this one, in which the named defendant is an agency rather than an individual officer of the agency.

 As to the issue of whether the Disciplinary Board is an agency to which Eleventh Amendment immunity does not extend, *see Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471(1977)(noting that the bar of the Eleventh Amendment to suit does not extend to municipalities or other agencies that do not qualify as arms of the state), we, like other district courts within the Third Circuit, believe that the Disciplinary Board, an agency of the Supreme Court of Pennsylvania and a part of the "unified judicial system", is an arm of the state which cannot be sued. *See Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir.2000)("All courts and agencies of the unified judicial system ... are part of the 'Commonwealth government' and thus are state rather than local agencies."); *see also Reiff v. Philadelphia County Court of Common Pleas*, 827 F.Supp. 319, 323(E.D.Pa.1993)(holding that the Court of Common Pleas of Philadelphia County is an arm of the state entitled to Eleventh Amendment sovereign immunity); *Mattas v. Supreme Court of Pennsylvania*, 576 F.Supp. 1178, 1182(1983)("The Pennsylvania Supreme Court, and the Office of the Disciplinary Counsel, as an entity, are arms of the state and therefore cannot be sued."). Accordingly, we hold that the Eleventh Amendment is a bar to Plaintiff's suit against the Disciplinary Board.

### B. Section 1983

In light of our holding with respect to the issue of Eleventh Amendment immuni-

---

**2.** There are two exceptions to the doctrine of *Ex Parte Young*, neither of which is applicable here. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 117 S.Ct. 2028, 138 L.Ed.2d 438(1997); *and see Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252(1996).

ty there is no need to address additional arguments made by the parties. Nevertheless, because the issues surrounding the applicability of 42 U.S.C. § 1983 to this action are similar to the substance of the foregoing, we shall include an analysis of those issues herein.

■ As an alternative to its argument regarding immunity, the Disciplinary Board maintains that it is not a "person" which can be sued pursuant to 42 U.S.C. § 1983. We would note that Plaintiff did not address this argument in his brief, asserting instead that "the [Amended] Complaint does not have such a claim ..." (Pl.'s Br. Opp. Def.'s Mot. Dis. at 2).

■ Section 1983 provides for a cause of action against "[e]very person who, under color of any statute ... of any State ... subject[ ] ... any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. The statute "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 105 S.Ct. 2427, 85 L.Ed.2d 791(1985). As such, § 1983 is the vehicle pursuant to which individuals may bring federal causes of action against state actors who have allegedly deprived them of their constitutional rights.

■ "To state a claim under § 1983, a plaintiff must show that the defendant, through conduct sanctioned under the color of state law, deprived her of a federal constitutional or statutory right." *Gruenke v. Seip*, 225 F.3d 290, 298(3d Cir. 2000). Accordingly, the initial inquiry in a § 1983 action focuses upon: "(1) whether the conduct complained of was committed by a person acting under color of state law, and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420(1981); *see also Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141–42 (3d Cir.1990). "A person may be found to be a state actor when (1) he is a state official, (2) he has acted together with or has obtained significant aid from state officials, or (3) his conduct is, by its nature, chargeable to the state." *Angelico v. Lehigh Valley Hospital*, 184 F.3d 268, 277(3d Cir.1999)(*quoting Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482(1982)(internal quotation marks omitted)).

In *Callahan v. City of Philadelphia*, our Court of Appeals for the Third Circuit held that the Commonwealth of Pennsylvania, Warrant Division of the First Judicial Department, and the Commonwealth of Pennsylvania, Municipal Court Eviction Unit, both of which are part of the unified judicial system, are not persons within the meaning of § 1983. *See id.*, 207 F.3d at 673. In addition, the Court cited numerous district court cases within the Third Circuit standing for the proposition that "all components of the judicial branch of the Pennsylvania government are state entities and thus are not persons for section 1983 purposes." 207 F.3d at 673–74(3d Cir.2000)(*citing Pokrandt v. Shields*, 773 F.Supp. 758 (E.D.Pa.1991); *Mattas v. Supreme Court of Penn.*, 576 F.Supp. 1178 (W.D.Pa.1983); *Delgado v. McTighe*, 442 F.Supp. 725(E.D.Pa.1977); *County of Lancaster v. Philadelphia Elec. Co.*, 386 F.Supp. 934 (E.D.Pa.1975)). In applying the principles set forth in these cases to the facts before us, we hold that the Disciplinary Board is not a "person" who can be sued within the meaning of § 1983.

### CONCLUSION:

Based upon the foregoing, we conclude that Defendant's Motion to Dismiss should be granted on the basis of sovereign immunity and because the Disciplinary Board

is not a person within the meaning of § 1983.

NOW, THEREFORE, IT IS OR-DERED THAT:

1. Defendant's Motion to Dismiss (doc. 14) is granted.

2. The Clerk is directed to close the file on this case.