Kevin J. MIRCH, Plaintiff—Appellant,

v.

Bruce BEESELY; et al., Defendants—
Appellees.

Nos. 07–15143, 07–16046.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 5, 2009.

Marie Mirch, Mirch & Mirch, Reno, NV,
for Plaintiff–Appellant.

Mark J. Lenz, Esq., Piscevich & Fenner,
Reno, NV, for Defendants–Appellees.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and
W. FLETCHER, Circuit Judges.

MEMORANDUM **

Kevin J. Mirch appeals from the district
court's order dismissing his action brought
under Sections 1 and 2 of the Sherman
Anti–Trust Act, the Clayton Act, 42 U.S.C.
§ 1983, and various state laws. Mirch also
appeals the order imposing sanctions un-
der Federal Rule of Civil Procedure 11.
We have jurisdiction under 28 U.S.C.
§ 1291. We review de novo the district
court's dismissal. *Holcombe v. Hosmer,*
477 F.3d 1094, 1097 (9th Cir.2007). We
review for abuse of discretion the district
court's sanction order. *Holgate v. Bald-
win,* 425 F.3d 671, 675 (9th Cir.2005). We
affirm.

The district court properly dismissed
the federal claims for damages and the
state law claims against defendants State
Bar, Bare, and Christensen because they
are immune under the Eleventh Amend-
ment. *See Ginter v. State Bar of Nevada,*
625 F.2d 829, 830 (9th Cir.1980) ("[T]he
Nevada State Bar Association, as an arm
of the state, is not subject to suit under the
Eleventh Amendment."); *see also Pena v.
Gardner,* 976 F.2d 469, 472 (9th Cir.1992)
(concluding that Eleventh Amendment im-
munity extends to employees of the State
Bar acting in their official capacities as
agents of the state). Moreover, "the Sher-
man Act does not apply to ... the regula-
tion of attorneys by a state supreme
court." *Mothershed v. Justices of the Su-*

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

*preme Court,* 410 F.3d 602, 609 (9th Cir. 2005).

The district court properly determined that Mirch's first amended complaint failed to allege sufficient facts to state a claim against defendants Beesely and Peck. *See Sicor Ltd. v. Cetus Corp.,* 51 F.3d 848, 854–55 (9th Cir.1995) (describing the elements of a claim under Section 1 and 2 of the Sherman Act to include the allegation that the parties acted in concert with one another and affected interstate commerce or caused an antitrust injury); *see also Dietrich v. John Ascuaga's Nugget,* 548 F.3d 892, 899–900 (9th Cir.2008) (to establish state action under § 1983 a plaintiff must allege facts showing that "[p]rivate persons were jointly engaged with state officials in the challenged action.")

The district court properly declined to enjoin the state bar disciplinary proceedings on the basis of the abstention principles in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 434, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (concluding that, absent extraordinary circumstances, *Younger* abstention applies where: the state bar proceedings constitute an ongoing state judicial proceeding, the proceedings implicate important state interests, and there is an adequate opportunity to raise constitutional challenges); *Hirsh v. Justices of Supreme Court of Cal.,* 67 F.3d 708, 713 (9th Cir.1995) (per curiam) (concluding that *Younger* abstention was appropriate where appellant faced ongoing state bar disciplinary proceedings when he brought suit in federal court).

The district court did not abuse its discretion by imposing sanctions on Mirch under Rule 11 because the complaint was baseless and Mirch failed to conduct a

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

competent inquiry before signing it. *See Holgate,* 425 F.3d at 675–77.

Mirch's remaining contentions are unpersuasive.

**AFFIRMED.**