Aaron Mark **ZIMMERMAN, Plaintiff,**

v.

**GRIEVANCE COMMITTEE OF the FIFTH JUDICIAL DISTRICT OF the STATE OF NEW YORK; Michael F. Dillon, John J. Callahan, James H. Doerr, M. Dolores Denman, Emmett J. Schnepp, Stewart F. Hancock, Jr., Richard D. Simons, and Reid S. Moule, All Individually and Jointly in their Capacities as Justices of the Appellate Division of the Supreme Court of the State of New York, Fourth Judicial Department; the Onondaga County Bar Association; and the New York State Bar Association, Defendants.**

No. 82–CV–158.

United States District Court, N.D. New York.

June 13, 1983.

Gary J. Lavine, Syracuse, N.Y., for plaintiff.

Aaron M. Zimmerman, Syracuse, N.Y., pro se.

Robert Abrams, N.Y.S. Atty. Gen., Albany, N.Y., for Grievance Committee and Individual Defendants; Charles F. Corcoran, Jr., Asst. Atty. Gen., Syracuse, N.Y., of counsel.

Coulter, Fraser, Ames, Bolton, Bird & Ventre, Syracuse, N.Y., for Onondaga County Bar Ass'n; Bruce Bolton, Syracuse, N.Y., of counsel.

John A. Williamson, Jr., Associate Executive Director N.Y.S. Bar Ass'n, Albany, N.Y., for New York State Bar Ass'n.

## MEMORANDUM—DECISION & ORDER

McCURN, District Judge.

Plaintiff Aaron Mark Zimmerman brought this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331. Plaintiff seeks declaratory and injunctive relief from the decision of the Supreme Court of the State of New York, Appellate Division, Fourth Department to censure him for violation of the relevant rule regarding attorney advertising, DR 2–101(A) of the Disciplinary Rules of the Code of Professional Responsibility, adopted by New York at 22 N.Y.C.R.R. § 1022.16(a).

Before the Court is defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b) on the grounds that the amended complaint fails to state a claim upon which relief can be granted and that the Court lacks subject matter jurisdiction. The Court grants defendants' motion pursuant to Rule 12(b)(1) on the basis that jurisdiction does not lie in a federal district court, for the reasons set forth below.

### BACKGROUND

Plaintiff Zimmerman was admitted to the New York bar in 1977. In 1979, he caused his name to be listed in the New York

Telephone yellow pages directory for the Syracuse area under each of the available 25 areas of specialization for lawyers. His name was arranged alphabetically by his first name, rather than by his surname. Under the caption "Lawyers Grouped by Practice" was the following disclaimer: "Lawyers listing areas of practice in the yellow pages have not necessarily been certified by any State or Federal authorities as having any more competence in these areas than any other lawyers."

As a result of this advertising, the New York Fifth Judicial District's Grievance Committee instituted disciplinary proceedings against Zimmerman before the Fourth Department. It was the Committee's position that Zimmerman had violated the advertising rule found at 22 N.Y.C.R.R. 1022.-16(a). The rule provides:

A lawyer on behalf of himself or herself or partners or associates, shall not use or disseminate or participate in the preparation of any public communication containing statements or claims that are false, deceptive, misleading or cast reflection on the legal profession as a whole.

The Fourth Department considered the contentions of Zimmerman that he had no intention to deceive when he advertised in the manner that he did and that the disciplinary rule was vague and overbroad. The court found that Zimmerman's advertising was not protected speech because of its capacity to deceive, holding that it did not "disclose information to permit a consumer to reach an informed decision." *Zimmerman v. Office of Grievance Committees*, 79 A.D.2d 263, 265, 438 N.Y.S.2d 400, 402 (4th Dep't 1981), *appeal dismissed*, 53 N.Y.2d 937, 440 N.Y.S.2d 1029, 423 N.E.2d 416 (1982). Further, the Appellate Division upheld the disciplinary rule as formulated; it found that the purpose and meaning of the rule should be clear to any attorney who must make a judgment as to whether a particular form of advertising would be deceitful. Zimmerman was therefore censured for using deceptive and misleading advertising. *Id.* 79 A.D.2d at 266, 438 N.Y.S.2d at 403.

Zimmerman's appeal to the New York Court of Appeals was dismissed. *Matter of Zimmerman*, 53 N.Y.2d 937, 440 N.Y.S.2d 1029, 423 N.E.2d 416 (1981). Thereafter, Zimmerman brought the instant action in federal district court. After defendants filed the current motions to dismiss, plaintiff filed an amended complaint. Argument of the motion was directed to the amended complaint.

## DISCUSSION

■ In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Supreme Court determined that a district court has no power to review a decision of the highest court of a state regarding a particular lawyer's discipline. In its opinion, the Court noted that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the Supreme] Court." 103 S.Ct. at 1315. See 28 U.S.C. § 1257.

Zimmerman was disciplined in a proceeding that was judicial in nature. *See District of Columbia Court of Appeals*, 103 S.Ct. at 1313. *See also, Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S.Ct. 2515, 2522, 73 L.Ed.2d 116 (1982) (when the state vests in its courts the power to discipline lawyers, disciplinary proceedings are judicial, not administrative or legislative); *Erdmann v. Stevens*, 458 F.2d 1205, 1209 (2d Cir.1972), *cert. denied*, 409 U.S. 889, 93 S.Ct. 126, 34 L.Ed.2d 147. (Appellate Division "act[s] in its judicial capacity as a state court in ...disciplinary proceedings...and...these proceedings are judicial, not administrative, in nature.") In addition, there is no question that the dismissal of Zimmerman's appeal by the New York Court of Appeals represents a final state court judgment. *See Turco v. Monroe County Bar Ass'n*, 554 F.2d 515, 521 (2d Cir.1977).

The Supreme Court has recognized the traditional strong interest of a state to regulate the conduct of lawyers admitted to its bar. *See District of Columbia*

*Court of Appeals*, 103 S.Ct. at 1315 n. 16; *Middlesex County Ethics Comm.*, 102 S.Ct. at 2522. The rule that permits state court judgments in this area to be reviewed only by the Supreme Court "serves substantial policy interests arising from the historic relationship between state judicial systems and the members of their respective bars, and between the state and federal judicial systems." *District of Columbia Court of Appeals*, 103 S.Ct. at 1316 n. 16, quoting *MacKay v. Nesbett*, 412 F.2d 846 (9th Cir.1969).

■ Only when a litigant "mount[s] a general challenge to the constitutionality" of a disciplinary rule does a federal district court have jurisdiction. *District of Columbia Court of Appeals*, 103 S.Ct. at 1316. When state courts promulgate rules regarding attorney conduct, they act in a nonjudicial capacity, and hence, district courts may consider the constitutionality of those rules. *Id.* 103 S.Ct. at 1317, citing *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 731, 100 S.Ct. 1967, 1974, 64 L.Ed.2d 641 (1980).

The Supreme Court, in distinguishing between a particularized and a generalized attack on a state bar rule, quoted a Tenth Circuit decision which stated, in pertinent part:

> There is a subtle but fundamental distinction between two types of claims which a frustrated bar applicant might bring to federal court: The first is a constitutional challenge to the state's general rules and regulations governing admission; the second is a claim, based on constitutional or other grounds, that the state has unlawfully denied a particular applicant admission. The Court held that while federal courts do exercise jurisdiction over many constitutional claims which attack the state's power to license attorneys involving challenges to either the rule-making authority or the administration of the rules,...such is not true where review of a state court's adjudication of a particular application is sought. The Court ruled that the latter claim may

be heard, if at all, exclusively by the Supreme Court of the United States. *District of Columbia Court of Appeals*, 103 S.Ct. at 1316, quoting *Doe v. Pringle*, 550 F.2d 596 (10th Cir.1976) (emphasis in original).

A close examination of plaintiff's amended complaint discloses that the subject matter complained of concerns a particular lawyer's discipline for violation of a rule of conduct rather than a generalized attack on the constitutionality of the rule.

Plaintiff asserts in the first, fifth, and sixth causes of action that the defendants have infringed upon his first amendment rights to engage in commercial speech through advertising; in his second cause of action that he was denied equal protection under the fourteenth amendment in that other attorneys who advertised in a similar manner were not disciplined; in his third and fourth causes of action that he was denied due process in that he was held to an unknown standard of conduct, in that the complaint was first brought to the Grievance Committee by a member of the local bar association who was biased against him, and in that the Grievance Committee failed to give him guidance on the proper manner of advertising when he requested it.

For relief, plaintiff requests a judgment declaring that the defendants' actions violated plaintiff's constitutionally protected right to advertise and an injunction preventing defendants from further violations of his first amendment rights. Clearly, what plaintiff seeks is a review of New York's final judgment that his actions deserved censure. It cannot be said that contained within the complaint is a general challenge to 22 N.Y.C.R.R. 1022.16(a).

■ Although Zimmerman brings this action under Title 42, Section 1983 for protection of federal constitutional rights, this court may not entertain his complaint. As stated in *District of Columbia Court of Appeals:*

> If the constitutional claims presented to a United States District Court are inextricably intertwined with the state

court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the District Court is in essence being called upon to review the state court decision. This the District Court may not do.

103 S.Ct. at 1315 n. 16. When a plaintiff seeks review of a state court judgment that results in his discipline, even when he asserts violations of federal rights, his appeal may be only to the Supreme Court. *Id.* 103 S.Ct. at 1317. Zimmerman's allegations that the judgment in state court resulted in constitutional deprivations are bound up with his assertions that he was improperly disciplined, and accordingly this court lacks jurisdiction.

Defendants' motion to dismiss is hereby granted on the basis that there is no subject matter jurisdiction. In reaching this decision, the court need not address the other basis for defendants' motion.

For the foregoing reasons, defendants' motion to dismiss plaintiff's amended complaint is granted pursuant to Fed.R.Civ.P. 12(b)(1).

IT IS SO ORDERED.