John J. TOFANO, Plaintiff-Appellant,

v.

SUPREME COURT OF NEVADA, et al.,
Defendants-Appellees.

No. 83–1773.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 10, 1983.

Decided Oct. 12, 1983.

Robert A. Massi, Las Vegas, Nev., for plaintiff-appellant.

William E. Isaeff, Deputy Atty. Gen., Carson City, Nev., for defendants-appellees.

Before TUTTLE,* WALLACE, and PREGERSON, Circuit Judges.

PREGERSON, Circuit Judge:

Appellant John J. Tofano filed an action in the District of Nevada challenging grading procedures for the essay portion of the Nevada Bar Examination. Appellant contends that the raw score system—whereby a particular raw score is picked to equal a passing grade of 75—is unconstitutionally vague. Appellant also contends that the examiners' failure to use a pre-set or model answer for grading essay questions vests unconstitutional discretion in the licensing officials, and results in an unconstitutionally vague standard of a passing grade. The district court dismissed Appellant's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, and pursuant to Rule 12(b)(6) for failure to state a claim. We affirm.

Unsuccessful bar applicants may pursue two different constitutional challenges; they may assert that the state has unlawfully denied their own individual application, or they may attack a state's rules and procedures generally, as the rules apply to all applicants. Tofano makes both kinds of challenges, and we deal with each challenge separately.

I. *The District Court Lacked Subject Matter Jurisdiction Over Appellant's Individual Challenge.*

■ Federal district courts have subject matter jurisdiction over general challenges, but not over individual challenges. A state supreme court's decision on an individual application can be reviewed only by the United States Supreme Court on writ of certiorari. *District of Columbia Court of Appeals v. Feldman,* —— U.S. ——, 103 S.Ct. 1303, 1316–17, 75 L.Ed.2d 206 (1983); *Brown v. Board of Bar Examiners of the State of Nevada,* 623 F.2d 605, 609–10 (9th Cir.1980).

■ The reason for the distinction is that a federal district court does not sit as an appellate court capable of reviewing a state supreme court's decision to deny admission to a particular applicant. Here, the Nevada Supreme Court denied appellant's petition for admission. To the extent that appellant asked the district court to review the Nevada Supreme Court's decision denying his application for admission, the district court lacked subject matter jurisdiction.

II. *Appellant's General Challenge Fails to State a Claim.*

■ District courts do have jurisdiction over "general challenges to state bar rules, promulgated by state courts in nonjudicial proceedings, which do not require review of a final state court judgment in a particular case." *Feldman, supra,* 103 S.Ct. at 1317. To the extent that Appellant sought a declaration that Nevada Bar grading procedures are unconstitutionally vague on their face and an injunction requiring the use of model answers, his challenges were general, affecting all applicants. The district court had subject matter jurisdiction over these general challenges, and correctly dismissed them for failure to state a claim.

Appellant's argument that a lack of preset or model answers to the essay questions made the grading procedures for the Neva-

* Hon. Elbert Parr Tuttle, Senior United States Circuit Judge, Eleventh Circuit, sitting by designation.

da Bar examination unconstitutional fails to state a claim on which relief can be granted. Our review of state procedures for bar admission and testing is guided by the rational basis standard. *Chaney v. State Bar of California,* 386 F.2d 962, 964 (9th Cir. 1967), *cert. denied,* 390 U.S. 1011, 88 S.Ct. 1262, 20 L.Ed.2d 162 (1968). This circuit has held that states may constitutionally use essay-type questions on bar examinations even though grading is necessarily subjective because performance on essay-type questions bears a rational connection with the ability to practice law. *Chaney,* 386 F.2d at 964. The Fifth Circuit, in *Tyler v. Vickery,* 517 F.2d 1089, 1102 (5th Cir.), *reh'g denied,* 521 F.2d 815 (5th Cir.1975), *cert. denied,* 426 U.S. 940, 96 S.Ct. 2660, 49 L.Ed.2d 393 (1976), has noted that a failure to use model answers or predetermined standards in grading essay examinations does not raise an issue of fact as to whether or not the essay examination itself is a rational, and therefore constitutional exercise of state power. We agree.

Thus, appellant's complaint was properly dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

AFFIRMED.