HERMANDAD–UNION DE EMPLEA-DOS DEL FONDO DEL SEGURO DEL ESTADO, by itself and on behalf of its members; Osvaldino Rojas Lugo, Plaintiffs,

v.

Jose Trias MONGE, Carlos V. Davila, Hiram Torres Rigual, Jorge Diaz Cruz, Carlos J. Irizarry Yunque, individually and in their official capacity, their agents, employees, and successors in office, Defendants.

Civ. No. 84–253 HL.

United States District Court,
D. Puerto Rico.

June 10, 1985.

Pedro J. Varela, Hato Rey, P.R., for plaintiffs.

Miriam Naveira de Rodon, Hato Rey, P.R., for defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

This 42 U.S.C. Section 1983 suit finds its origin in a disciplinary proceeding held before the Supreme Court of Puerto Rico (the Court), involving plaintiff Osvaldino Rojas Lugo, an attorney admitted to practice before the Puerto Rican courts. The facts

are not in dispute.[1] Both parties have moved for summary judgment and have appended to their respective motions all pertinent documents related to the proceedings held before the Puerto Rico Supreme Court.

## I.

### BACKGROUND.

By May 6, 1982, the Puerto Rico Supreme Court had received various complaints against plaintiff. On that date, said Court ordered the Solicitor General of Puerto Rico to conduct an investigation thereon, and to present his findings and recommendations to the Court. The Solicitor General rendered his report on March 8, 1983, concluding that, in his opinion, there were not sufficient grounds to discipline plaintiff. The Court concurred. *In re Rojas Lugo*, 83 JTS 93.

The Court, however, took note that in one of the complaints referred to the Solicitor General, No. Q–375–A, it had found that plaintiff's practice of law before the State Insurance Fund and the Industrial Commission, while simultaneously holding the office of President of the union representing the employees of the former, "on its facts presented an apparent conflict of an ethical nature", and had ordered plaintiff to file a position brief. *In re Rojas Lugo*, pp. 1–2. The Court further noted that plaintiff's position had been that his legal practice before the Industrial Commission presented no ethical conflict, nor an appearance thereof.

Acting pursuant to Rule 13(e) of its Rules, 4 LPRA App. I–A[2], the Court went on to hold that plaintiff's dual role presented a conflict of interest or an appearance of impropriety within the meaning of Canon 21 of the Puerto Rico Code of Professional Ethics, 4 LPRA App. IX. *In re Rojas Lugo*, pp. 3–4. Accordingly, the Court ordered plaintiff "to abstain from representing injured workers in their cases before the State Insurance Fund and before the Industrial Commission while he holds the office of President of the Union de Empleados del Fondo del Seguro del Estado." *Id.*, at 5.

Plaintiff complains that the Puerto Rico Supreme Court did not afford him a hearing, nor an opportunity to tell his side of the story, before banning him from performing his dual roles as attorney of injured workers before the State Insurance Fund and the Industrial Commission, while holding the office of President of the union representing the public employees of the State Insurance Fund, in violation of his due process rights under the Constitution of the United States. This might or might not constitute a due process violation, as it concerns the constitutional requirements of notice and hearing. *Goss v. Lopez*, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). However, for the reasons discussed later in this opinion, this argument should have been addressed to the U.S. Supreme Court via 28 U.S.C. § 1258, given the posture of plaintiff's claim when it reached this Court.

Thereafter, plaintiff resigned the presidency of the Union and the Court ruled

---

**1.** The named defendants were Justices of the Puerto Rico Supreme Court at the time this action was commenced. Three of the named Justices have retired from the Court during the pendency of this action, to wit: Justices Carlos V. Dávila, Hiram Torres Rigual, and Jorge Díaz Cruz. As to cases allowing Commonwealth Justices and state judges to be named as defendants in a Section 1983 suit, see, *In Re Justices of the Supreme Court of Puerto Rico*, 695 F.2d 17, 20–21 (1st Cir.1982); *Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984); *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980).

**2.** Rule 13(e) provides, in pertinent part:

"(e) After receiving the answer or the report mentioned in the foregoing paragraph, the Court may order the dismissal of the complaint or submit the matter to one of its justices for determination of cause, said justice shall report his opinion and recommendation to the Court in full. Likewise, it may impose the corresponding sanctions without need of further proceedings when facts justifying the imposition of sanctions arise from the answer itself ..."

that he could "continue representing the cases he has pending before the Commission", Order of January 3, 1984, p. 1 (official translation), App. I to defendants' Motion to Dismiss and/or for Summary Judgment, though it cautioned him from "holding any kind of directive or advisory position from which he could influence the Union while at the same time representing other interests before said administrative bodies." *Id.,* at 2.

Shortly thereafter, on November 9, 1983, plaintiff filed a motion for reconsideration before the Puerto Rico Supreme Court (App. VIII to defendants' Motion), which the Court denied on January 12, 1984 (App. IX to defendants' Motion). In that motion, plaintiff asserted, *inter alia,* that he had not been afforded "the due process of law guaranteed in Rule 13" (official translation, p. 22), yet he purported to reserve "all his rights under the Constitution and the Laws of the United States of America to air them in due time before the Federal Forum." *Id.,* at 23.

After the Court denied his motion for reconsideration, on January 31, 1984, Rojas Lugo filed the original complaint in this case against the named Justices of the Puerto Rico Supreme Court, in their individual and official capacities, claiming violations to his rights to freedom of speech and association, due process of law, and equal protection of the laws. Plaintiff did not seek review of the Puerto Rico Supreme Court decision before the U.S. Supreme Court. See 28 U.S.C. § 1258. The Hermandad Unión de Empleados del Fondo del Seguro del Estado (hereinafter the Union), joined in as plaintiff. The Union

claimed that its rights also had been infringed by the October 21, 1983 judgment, inasmuch as it had been deprived of its freely-elected representative. A few days later, on February 10, 1984, the federal plaintiffs filed an amended complaint pursuant to FRCP 15(a). The amended complaint reiterated the allegations of the original complaint and, additionally, broadened plaintiffs' challenge to the disciplinary order by mounting a due process attack on the constitutionality of Rule 13(e) of the Rules of the Supreme Court of Puerto Rico. See note 2, *supra.*

Defendants filed a Motion to Dismiss and/or for Summary Judgment, and plaintiffs countered with a Motion for Cross-Summary Judgment. Following a hearing held on March 1, 1984, the case was ripe for decision.

## II.

### JURISDICTION.

In their motion, defendants question, among other things, this Court's jurisdiction. Their claim is well-founded and dispositive, thus relieving us from proceeding any further.

In *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Supreme Court held that there is no subject matter jurisdiction in a district court to review a judicial decision of the highest court of a state involving a disciplinary proceeding against an attorney. The Court made it plain that such review is to be had exclusively, if at all, before itself. 460 U.S. at 482, 103 S.Ct. at 1314.[3]

---

**3.** *Feldman,* therefore, is at odds with any purported reservation of federal rights at the Puerto Rico Supreme Court level, in the context of disciplinary proceedings involving an attorney. There is no need for us to resolve whether such a reservation would be valid beyond the context of attorney disciplinary proceedings or whether such reservations are strictly limited to cases where the state proceeding is a by-product of the *Pullman* abstention doctrine. *Railroad Commission of Texas v. Pullman,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Compare *England v. Louisiana Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964)

with *Feldman,* 460 U.S. at 482–84 n. 16, 103 S.Ct. at 1315–16 n. 16; *Allen v. McCurry,* 449 U.S. 90, 101 n. 17, 103–04, 101 S.Ct. 411, 418 n. 17, 419–20, 66 L.Ed.2d 308 (1980); and *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). See also, *Partido Nuevo Progresista v. Barreto Pérez.* 639 F.2d 825, 826–27 n. 1 (1st Cir.1980); *Romany v. Colegio de Abogados,* 742 F.2d 32, 35 (1st Cir. 1984); *Howell v. State Bar of Texas,* 674 F.2d 1027, 1030–31 (5th Cir.1982); *Switlik v. Hardwicke Co.,* 651 F.2d 852, 858–59 (3rd Cir.1981); *Olitt v. Murphy,* 453 F.Supp. 354, 358–60 (S.D.N.

■ It must be highlighted, however, that it is a question of federal law whether a proceeding before another tribunal was truly judicial for the purpose of ascertaining the jurisdiction of a federal court.

In the case at bar, plaintiff was disciplined in a proceeding that was judicial in nature. See *Feldman, supra*, at 481, 103 S.Ct. at 1314. See also, *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *In Re The Justices of The Supreme Court of Puerto Rico*, 695 F.2d 17, 21 (1st Cir.1982); *Martinez Rivera v. Trias Monge*, 587 F.2d 539 (1st Cir.1978), *aff'd.*, 448 F.Supp. 48 (D.P.R.1978). Indeed, the main thrust of plaintiffs' complaint is against the procedural rules as applied and the general procedure employed in such judicial proceeding.

The original complaint in this case sought from this Court to review a judgment of the Supreme Court of Puerto Rico stemming from an attorney disciplinary proceeding that is strictly judicial in nature. But the decision in *Feldman* clearly applies to federal district courts' challenges to attorney disciplinary orders rendered by state courts in judicial proceedings. The amended complaint, however, tries to avail itself of an exception to the above mentioned rule, recognized in *Feldman* itself. There, the Supreme Court distinguished between an attempt to seek review of a state judgment at the Federal District Court level and a general challenge to the constitutionality of the *substantive* rule enforced by the state court. 460 U.S. at 482–86, 103 S.Ct. at 1314–17. The latter type of suit, the Court held, may be entertained by a Federal District Court, provided that it does "not necessarily require /it / to re-

view a final state-court judgment in a judicial proceeding." *Id.*, at 486, 103 S.Ct. at 1317. The standard to be applied, the Court stated, is whether the allegations in the federal complaint are "inextricably intertwined" with the state judgment. *Id.*, at 483 n. 16 and 486–87, 103 S.Ct. at 1315 n. 16 and 1317.

■ A close examination of the amended complaint demonstrates that it meets the "inextricably intertwined" standard. Short of an impermissible advisory opinion, there is nothing this Court could do in this case that would satisfy both the plaintiffs and *Feldman*. In their prayer for relief, plaintiffs request that this Court enter a decree

"prohibiting, restraining and enjoining defendants, their successors in office and all their agents, from applying Rule 13(e) and from allowing (sic) herein plaintiff Rojas to continue being an officer of the Union and practicing before the Industrial Commission..."

Thus, plaintiffs seek a declaration that Rule 13(e) is unconstitutional, as well a reversal of the precise judgment of the Puerto Rico Supreme Court. The latter we obviously may not do, according to *Feldman*.[4] Other federal courts have had no difficulty applying this branch of the *Feldman* doctrine. See, *e.g.*, *Zimmerman v. Grievance Committee*, 585 F.Supp. 29 (N.D.N.Y.1983), aff'd., 726 F.2d 85 (2d Cir.1984); *Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437,439 (8th Cir.1983); *Tofano v. Supreme Court of Nevada*, 718 F.2d 313 (9th Cir.1983); *Verner v. State of Colorado*, 533 F.Supp. 1109 (D.Colo.1982), aff'd., 716 F.2d 1352 (10th Cir.1983); *Lowrie v. Goldenhersh*, 716 F.2d 401 (7th Cir. 1983); *Rosquist v. Jarrat Const. Corp.*,

Y.1978), *aff'd.*, 591 F.2d 1331 (2nd Cir.1981), cert. denied, 444 U.S. 825, 100 S.Ct. 46, 62 L.Ed.2d 31 (1979); *28 East Jackson Enterprises, Inc. v. Cullerton*, 551 F.2d 1093, 1096 (7th Cir. 1977).

4. This is not a case where we are asked to assess the validity of a rule promulgated in a non-judicial proceeding. In such a case a federal court does not review a state court judicial decision and, accordingly, has jurisdiction to proceed into the merits of the controversy. As stated in

*Mattas v. Supreme Court of Pennsylvania*, 576 F.Supp. 1178, 1182 (W.D.Pa.1983):

"It is well settled that a state court has exclusive power to promulgate regulations to and impose discipline in the supervision of its licensed attorneys. (Citations omitted.) This power may not, however, be exercised in derogation of federally protected rights. (Citations omitted.) Even a lawyer has a right to 'enjoy first-class citizenship'."

570 F.Supp. 1206, 1210 (D.N.J.1983); *Connell v. Connell*, 571 F.Supp. 622,623 (E.D. Pa.1983); *National Carloading Corp. v. Shulman*, 570 F.Supp. 3, 4–5 (N.D.Ga. 1983); *Mattas v. Supreme Court of Pennsylvania*, 576 F.Supp. 1178 (W.D.Pa.1983); *Levanti v. Tippen*, 585 F.Supp. 499, 502–03 (S.D.Calif.1984); *Rogers v. Supreme Court of Virginia*, 590 F.Supp. 102 (E.D.Va.1984).

The former request, that this Court declare that Rule 13(e) is unconstitutional and enjoin its future application, presents a more difficult problem. It requires this Court to ascertain whether it is possible to distinguish in this case between a challenge to a particular individual's claim, which *Feldman* bars, and a generalized attack on the constitutionality of a rule, which *Feldman* permits. See also, *Supreme Court of New Hampshire v. Piper*, —— U.S. ——, 105 S.Ct. 1272, 84 L.Ed.2d 205 (1985), *aff'd.*, 723 F.2d 110 (1st Cir.1983). As another District Judge has put it: "This distinction is subtle, and the courts have found the concept difficult to implement." *Mattas v. Supreme Court of Pennsylvania*, 576 F.Supp. 1178, 1183 (W.D.Pa.1983).

Nevertheless, with the lone exceptions of *Howell v. State Bar of Texas*, 710 F.2d 1075,1077 (5th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 2152, 80 L.Ed.2d 538 (1984), ("general constitutional challenge to the state's disciplinary scheme"), and *Mattas v. Supreme Court of Pennsylvania*, 576 F.Supp. 1178, 1184 (W.D.Pa.1983), (same), all such generalized attacks which other federal courts have permitted under the FELDMAN doctrine involved statutes or rules which application to the plaintiff continued even after the state court judgment. See *Tofano v. Supreme Court of Nevada*, *supra* (attack by a failed bar applicant to the bar exam grading procedures; applicant would again be subject to such procedures upon taken anew the examination); *Schneider v. Colegio De Abogados De Puerto Rico*, 546 F.Supp. 1251, 1267–68 (D.P.R.1982), *mandamus issued in part, sub. nom. In Re The Justices of The Supreme Court of Puerto Rico*, 695 F.2d 17 (1st Cir.1982) (continued application to plaintiffs of compulsory bar dues requirement); *Verner v. State of Colorado*, *supra*, (continued application to plaintiff of continuing legal education requirements; *Lowrie v. Goldenhersh*, *supra*, (continued application to plaintiff of rule requiring all bar aspirants to approve a bar examination, even if admitted to the bar in other states); *Rogers v. Supreme Court of Virginia*, *supra*, (general attack by failed aspirant to state licensing procedures to which she would again be subject in order to gain admission); *Levanti v. Tippen*, *supra*, (same as *Tofano*, *supra*); *Solomon v. Samuelson*, 586 F.Supp. 280–284 (D.Conn. 1984), (attack on residency requirement); *Schwartz v. Judicial Retirement System of N.J.*, 584 F.Supp. 711, 715 (D.N.J.1984), (attack on rule prohibiting pensioned judges from practicing law). The reason is fairly obvious. It inheres in Article III's case or controversy requirement. In all the aforementioned cases, the challenged rule either was of continuous application to the federal plaintiff after the state court judgment or would in all probability again apply to such plaintiff upon the occurrence of a non-speculative future event, such as a new bar admission application by that very plaintiff.

In the case at bar, on the other hand, the future applicability of Rule 13(e) to plaintiff Rojas Lugo is entirely speculative. As defendants have argued before this Court, "/*in*/ order for that to happen Rojas would have to commit acts arguably beyond the pale of the Cannons of Ethics, someone would have to file a complaint and the Justices would have to decide that no hearing is necessary." Defendants' Memorandum, p. 17. As the Supreme Court has often reminded us:

"As is well known, the federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues, concrete legal issues, presented in actual cases, not abstractions', are requisite. This is as true of declaratory judgments as any other filed ...

"The power of courts to pass upon the constitutionality of acts of Congress

arises only when the interest of litigants require the use of this judicial authority for their protection against actual interference. A hypothetical threat is not enough ... It would not accord with judicial responsibility to adjudge, in a matter involving constitutionality, between the freedom of the individual and the requirements of public order, except when definitive rights appear upon the one side and definitive prejudicial interferences upon the other." *United Public Workers v. Mitchell*, 330 U.S. 75, 89–90, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947).

See also, *Golden v. Zwickler*, 394 U.S. 103, 109–110, 89 S.Ct. 956, 960, 22 L.Ed.2d 113 (1969); *O'Shea v. Littleton*, 414 U.S. 488, 493–99, 94 S.Ct. 669, 674–77, 38 L.Ed.2d 674 (1974); *Rizzo v. Goode*, 423 U.S. 362, 371–73, 96 S.Ct. 598, 604–05, 46 L.Ed.2d 561 (1976); *Ashcraft v. Mathis*, 431 U.S. 171, 172–73, 97 S.Ct 1739, 1740, 52 L.Ed. 2d 219 (1977); *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–10, 103 S.Ct. 1660, 1664–69, 75 L.Ed.2d 675 (1983).

All of the above is equally applicable to the plaintiff Union. Furthermore, there are additional reasons why the Union does not meet the case or controversy requirement.

First, there is not the required causal connection between this plaintiff's injury—the loss of its President—and Rule 13(e). See, *Warth v. Seldin*, 422 U.S. 490, 505, 95 S.Ct. 2197, 2208, 45 L.Ed.2d 343 (1975); *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 38, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976); *Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59, 72, 98 S.Ct. 2620, 2630, 57 L.Ed.2d 595 (1978). The Union's alleged injury is due to the fact that, having been required by the Puerto Rico Court to elect between the Union president and his legal practice, plaintiff chose the latter over the former. Thus, only a reversal of the Puerto Rico Supreme Court judgment could afford the Union the relief it seeks from such alleged injury. But, under FELDMAN, this we may not do.

Second, the Union may not attack Rule 13(e), which governs attorney disciplinary proceedings before the Supreme Court of Puerto Rico, because of what we deem an obvious reason: the Union is evidently not an attorney; as such, it is wholly beyond the zone of interests implicated by Rule 13(e). See, *Association of Data Processing Service Organizations v. Camp*, 397 U.S. 150, 153, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970); *Barlow v. Collins*, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970).

Since the only claim presented in the amended complaint over which theoretically we could act—the constitutionality of Rule 13(e)—would require us to render an impermissible advisory opinion, we must dismiss the complaint. All of its claims are "inextricably intertwined" with the October 21, 1983 judgment. *Feldman, supra,* 460 U.S. at 483 n. 16, and 486–87, 103 S.Ct. at 1317.

We need not dwell extensively on another reason adduced by defendants in support of their motion for summary judgment, which would constitute an independent basis for dismissal. *Feldman* recognized the possibility that even a general attack on the constitutionality of a statute or rule might be barred by res judicata-collateral estoppel principles. 460 U.S. at 487–89, 103 S.Ct. at 1317–18. Plaintiff could and did assail the constitutionality of Rule 13(e) in his motion for reconsideration before the Supreme Court of Puerto Rico.[5] The latter's order denying the motion could be construed as a prior adjudication on the merits. Compare *Mattas v. Supreme Court of Pennsylvania*, 576 F.Supp. 1178, 1184–85 (W.D.Pa.1983), with *Wood v. Or-*

5. In plaintiffs' "Motion for Reconsideration", p. 22 (official translation), App. VIII to defendants' Motion to Dismiss and/or for Summary Judgment, plaintiff asserted that:

"We respectfully believe that due process of law guaranteed in said Rule [13] has not been observed in this case because, up to this moment, the case rather resembles that of a 'trial by affidavit.' Cf. *Roth v. Lugo,* 87 P.R.R. 365, 367 (1963)."

*ange County*, 715 F.2d 1543, 1547 (11th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984); and *Rogers v. Supreme Court of Virginia*, 590 F.Supp. 102, 108 n. 2 (E.D.Va.1984). Thus, plaintiff had the "full and fair opportunity to litigate constitutional claims" to which he was entitled. See, *Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). See also, *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 449 U.S. 90, 104 S.Ct. 892, 66 L.Ed.2d 308 (1984); *Mercado Riera v. Mercado Riera*, 100 PRR 939 (1972); *Pol Sella v. Lugo Christian*, 107 DPR 540 (1978).

WHEREFORE, upon consideration of the record and the proceedings before the Puerto Rico Supreme Court, briefs and argument of counsel, defendants' motion for summary judgment is hereby GRANTED.

The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.